# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 09-474V
Filed: February 18, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| BRANDON KENNEDY, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | *  Damages decision based on proffer; |
| | *  Tdap vaccine; meningococcal |
| | *  vaccine; ADEM |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Ronald C. Homer, Boston, MA, for petitioner.
Michael P. Milmoe, Washington, DC, for respondent.

**MILLMAN, Special Master**

## DECISION AWARDING DAMAGES[1]

On July 22, 2009, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10–34 (2012), alleging that the Tetanus-diphtheria-acellular pertussis ("Tdap") and meningococcal vaccinations he received on April 16, 2007, caused him to suffer Acute Disseminating Encephalomyelitis ("ADEM"), a neurological injury. On May 8, 2012, following an evidentiary hearing, Special Master Sandra Dee Lord issued a Ruling on Entitlement, finding that petitioner had successfully proven causation-in-fact. On September 12, 2012, this case was reassigned to the undersigned.

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On February 14, 2014, respondent filed Respondent's Proffer on Award of Compensation. The undersigned finds the terms of the proffer to be reasonable. Based on the record as a whole, the undersigned finds that petitioner is entitled to the award as stated in the proffer. Pursuant to the terms stated in the attached proffer, the court awards petitioner:

a. a lump sum payment of **$453,634.67**, representing compensation for life care expenses expected to be incurred during the first year after judgment ($18,134.05), partial lost future earnings ($200,000.00), pain and suffering ($210,578.12), and past unreimbursable expenses ($24,922.50). The award shall be in the form of a check made payable to petitioner, Brandon Kennedy; and

b. a lump sum payment of **$306.86**, representing compensation for satisfaction of the Security Health Plan of Wisconsin lien. The award shall be in the form of a check made payable jointly to petitioner and

>   Security Health Plan of Wisconsin
>   1515 Saint Joseph Ave.
>   P.O. Box 8000
>   Marshfield, WI 54449-8000
>   Attn: Ms. Heather Varsho
>   Tel: (715) 221-9797
>   Case ID #: SUB016382

Petitioner agrees to endorse this payment to Security Health Plan of Wisconsin; and

c. a lump sum payment of **$556.83**, representing compensation for satisfaction of the State of Wisconsin Department of Health Services lien. The award shall be in the form of a check made payable jointly to petitioner and

>   State of Wisconsin
>   Department of Health Services
>   5615 High Point Dr., Suite 100
>   Irving, TX 75038-9984
>   Attn: Ms. Melissa Hatcher or Ms. Kira Shirk
>   Tel: (877) 391-7471
>   Case ID #: 157833

Petitioner agrees to endorse this payment to the State of Wisconsin Department of Health Services; and

d. an amount sufficient to purchase an annuity contract subject to the conditions described in section II. D. of the attached proffer.

2

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: February 18, 2014                                             /s/ Laura D. Millman
                                                                                            Laura D. Millman
                                                                                            Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| BRANDON KENNEDY,  ) | ECF |
| ) | |
| Petitioner,  ) | No. 09-474V |
| v.  ) | Special Master Millman |
| ) | |
| SECRETARY OF HEALTH  ) | |
| AND HUMAN SERVICES,  ) | |
| ) | |
| Respondent.  ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Items of Compensation**

    A.     Life Care Items

The respondent engaged life care planner Laura Fox, MSN, BSN, RN, CLCP, and petitioner engaged Maureen Clancy, RN, BSN, CLCP, to provide an estimation of Brandon Kennedy's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the special master's Ruling on Entitlement issued May 8, 2012.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Brandon Kennedy, attached hereto as Tab A.[1]  Respondent proffers that Brandon Kennedy should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.  Petitioner agrees.

    B.     Partial Lost Future Earnings

The parties agree that based upon the evidence of record, it is likely that Brandon Kennedy will suffer at least a partial impairment in earning capacity in the future.  Therefore,

respondent proffers that Brandon Kennedy should be awarded partial lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Respondent proffers that the appropriate award for Brandon Kennedy's partial lost earnings is $200,000.00. Petitioner agrees.

C.  Pain and Suffering

Respondent proffers that Brandon Kennedy should be awarded $210,578.12 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents Brandon Kennedy's expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that Brandon Kennedy should be awarded past unreimbursable expenses in the amount of $24,922.50. Petitioner agrees.

E.  Security Health Plan of Wisconsin Medicaid Lien

Respondent proffers that Brandon Kennedy should be awarded funds to satisfy the Security Health Plan of Wisconsin lien in the amount of $306.86, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Security Health Plan of Wisconsin may have against any individual as a result of any Medicaid payments Security Health Plan of Wisconsin has made to or on behalf of Brandon Kennedy from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about April 16, 2007, under Title XIX of the Social Security Act.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the

F.  State of Wisconsin Department of Health Services  Medicaid Lien

Respondent proffers that Brandon Kennedy should be awarded funds to satisfy the State of Wisconsin Department of Health Services lien in the amount of $556.83, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that the State of Wisconsin Department of Health Services may have against any individual as a result of any Medicaid payments the State of Wisconsin Department of Health Services has made to or on behalf of Brandon Kennedy from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about April 16, 2007, under Title XIX of the Social Security Act.

## II.  Form of the Award

The parties recommend that the compensation provided to Brandon Kennedy should be made through a combination of lump sum payments and future annuity payments as described below, and request that the special master's decision and the Court's judgment award the following:

A.  A lump sum payment of $453,634.67, representing compensation for life care expenses expected to be incurred during the first year after judgment ($18,134.05), partial lost future earnings ($200,000.00), pain and suffering ($210,578.12), and past unreimbursable expenses ($24,922.50), in the form of a check payable to petitioner, Brandon Kennedy.

B.  A lump sum payment of $306.86, representing compensation for satisfaction of the Security Health Plan of Wisconsin lien, payable jointly to petitioner and

> Security Health Plan of Wisconsin
> 1515 Saint Joseph Ave.
> P.O. Box 8000
> Marshfield, WI 54449-8000
> Attn: Ms. Heather Varsho
> Tel: (715) 221-9797
> Case ID #: SUB016382

---

anniversary of the date of judgment.

Petitioner agrees to endorse this payment to Security Health Plan of Wisconsin.

  C. A lump sum payment of $556.83, representing compensation for satisfaction of the State of Wisconsin Department of Health Services lien, payable jointly to petitioner and

State of Wisconsin  
Department of Health Services  
5615 High Point Dr., Suite 100  
Irving, TX 75038-9984  
Attn: Ms. Melissa Hatcher or Kira Shirk  
Tel: (877) 391-7471  
Case ID #: 157833

Petitioner agrees to endorse this payment to Security Health Plan of Wisconsin.

  D. An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A. attached hereto, paid to the life insurance company[3] from which the annuity will be purchased.[4] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Brandon Kennedy, only so long as Brandon Kennedy is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in

---

[2] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

  a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

  b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

  c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

  d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Brandon Kennedy, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Brandon Kennedy's death.

3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III. Summary of Recommended Payments Following Judgment**

    A. Lump Sum paid to petitioner, Brandon Kennedy: **$453,634.67**

    B. Security Health Plan of Wisconsin Medicaid lien: **$ 306.86**

    C. State of Wisconsin Dep. of Health Services Medicaid Lien: **$ 556.83**

    D. An amount sufficient to purchase the annuity contract described above in section II. D.

---

[4] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division


*/S/MICHAEL P. MILMOE*
MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Telephone: (202) 616-4125

Dated: February 14, 2014

Appendix A: Items of Compensation for Brandon Kennedy

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Years 9-21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2014 | 2015 | 2016-2017 | 2018 | 2019 | 2020 | 2021 | 2022-2034 |
| ACA-WPS Platinum Premium | 5% | | M | 5,973.48 | 5,973.48 | 5,973.48 | 5,973.48 | 5,973.48 | 5,973.48 | 5,973.48 | 5,973.48 |
| ACA-WPS Platinum MOP | 5% | | | 1,250.00 | 1,250.00 | 1,250.00 | 1,250.00 | 1,250.00 | 1,250.00 | 1,250.00 | 1,250.00 |
| Medicare Part B Premium | 5% | | | | | | | | | | |
| Medicare Part B Deductible | 5% | * | | | | | | | | | |
| Medigap | 5% | | M | | | | | | | | |
| Medicare D | 5% | | M | | | | | | | | |
| PCP | 5% | * | | | | | | | | | |
| Urologist | 5% | * | | | | | | | | | |
| Neurologist | 5% | * | | | | | | | | | |
| Psychologist | 5% | * | | | | | | | | | |
| Future Specialists | 5% | * | | | | | | | | | |
| Sacral Nerve Stimulator | 5% | * | | | | | | | | | |
| ER | 5% | * | | | | | | | | | |
| Venipuncture | 5% | * | | | | | | | | | |
| Vit D Testing | 5% | * | | | | | | | | | |
| Chemistry Profile | 5% | * | | | | | | | | | |
| CMP | 5% | * | | | | | | | | | |
| Chest X-rays | 5% | * | | | | | | | | | |
| X-rays | 5% | * | | | | | | | | | |
| Urine Dip Stick | 5% | * | | | | | | | | | |
| Urine C&S | 5% | * | | | | | | | | | |
| Bone Density | 5% | * | | | | | | | | | |
| MRI Brain Stem | 5% | * | | | | | | | | | |
| Amitriptyline | 5% | * | | | | | | | | | |
| Nitrofurantion Macrocrystal | 5% | * | | | | | | | | | |
| SUMAtriptan Succinate | 5% | * | | | | | | | | | |
| Lamictal | 5% | * | | | | | | | | | |
| Alprazolam | 5% | * | | | | | | | | | |
| Oxybutynin Chloride | 5% | * | | | | | | | | | |
| Ibuprofen | 4% | | | 4.73 | 4.73 | 4.73 | 4.73 | 4.73 | 4.73 | 4.73 | 4.73 |
| Gym | 4% | | | 456.00 | 456.00 | 456.00 | 456.00 | 456.00 | 456.00 | 456.00 | 456.00 |
| Mattress Pad | 4% | | | 139.90 | 139.90 | 139.90 | 139.90 | 139.90 | 139.90 | 139.90 | 139.90 |
| Waterproof Overlays | 4% | | | 47.90 | 47.90 | 47.90 | 47.90 | 47.90 | 47.90 | 47.90 | 47.90 |

Appendix A: Items of Compensation for Brandon Kennedy

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Years 9-21 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2014 | 2015 | 2016-2017 | 2018 | 2019 | 2020 | 2021 | 2022-2034 |
| Washable Bedtime Pant | 4% | | | 107.80 | 107.80 | 107.80 | 107.80 | 107.80 | 107.80 | 107.80 | 107.80 |
| Mattress Cover | 4% | | | 37.90 | 37.90 | 37.90 | 37.90 | 37.90 | 37.90 | 37.90 | 37.90 |
| Bladder Control Pads | 4% | | | 251.70 | 251.70 | 251.70 | 251.70 | 251.70 | 251.70 | 251.70 | 251.70 |
| CHUX | 4% | | | 105.90 | 105.90 | 105.90 | 105.90 | 105.90 | 105.90 | 105.90 | 105.90 |
| Speedicath | 4% | * | | | | | | | | | |
| Gloves | 4% | | | 72.28 | 72.28 | 72.28 | 72.28 | 72.28 | 72.28 | 72.28 | 72.28 |
| Hand Sanitizer | 4% | | | 47.64 | 47.64 | 47.64 | 47.64 | 47.64 | 47.64 | 47.64 | 47.64 |
| Baby Oil | 4% | | | 59.28 | 59.28 | 59.28 | 59.28 | 59.28 | 59.28 | 59.28 | 59.28 |
| Homemaker | 4% | | M | 2,574.00 | 2,574.00 | 2,574.00 | 2,574.00 | 2,574.00 | 2,574.00 | 2,574.00 | 2,574.00 |
| Home Maint | 4% | | | | | | | | 500.00 | 500.00 | 500.00 |
| Taxi | 4% | | M | 7,000.74 | 7,000.74 | 6,884.82 | 6,884.82 | | | | |
| Mileage: Gym and Medical Visits | 4% | | | | | | 249.60 | 249.60 | 249.60 | 249.60 | 249.60 |
| Mileage: Specialist | 4% | | | 4.80 | 0.69 | 0.69 | 0.69 | 0.69 | 0.69 | 0.69 | 0.69 |
| Mileage: Psychologist | 4% | | | | | | | | | 57.60 | 11.52 |
| Home Mods | 4% | | | | | | | | | | |
| Lost Future Earnings | | | | 200,000.00 | | | | | | | |
| Pain and Suffering | | | | 210,578.12 | | | | | | | |
| Past Unreimbursable Expenses | | | | 24,922.50 | | | | | | | |
| Medicaid Lien | | | | 306.86 | | | | | | | |
| Medicaid Lien | | | | 556.83 | | | | | | | |
| Annual Totals | | | | 454,498.36 | 18,129.94 | 18,014.02 | 18,263.62 | 11,378.80 | 11,878.80 | 11,936.40 | 11,890.32 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($18,134.05), lost earnings ($200,000.00), pain and suffering ($210,578.12), and past unreimbursable expenses ($24,922.50): $453,634.67.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the Security Health Plan of Wisconsin, as reimbursement of a Medicaid lien: $306.86.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of Wisconsin Department of Health Services, as reimbursement of a second Medicaid lien: $556.83.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
At respondent's discretion, items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.

Appendix A: Items of Compensation for Brandon Kennedy

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 22 | Compensation Years 23-41 | Compensation Years 42-46 | Compensation Year 47 | Compensation Years 48-Life |
|---|---|---|---|---|---|---|---|---|
| | | | | 2035 | 2036-2054 | 2055-2059 | 2060 | 2061-Life |
| ACA-WPS Platinum Premium | 5% | | M | 5,973.48 | 5,973.48 | | | |
| ACA-WPS Platinum MOP | 5% | | | 1,250.00 | 1,250.00 | | | |
| Medicare Part B Premium | 5% | | | | | | | |
| Medicare Part B Deductible | 5% | * | | | | | | |
| Medigap | 5% | | M | | | 1,678.92 | 1,678.92 | 1,678.92 |
| Medicare D | 5% | | M | | | 1,517.23 | 1,517.23 | 1,517.23 |
| PCP | 5% | * | | | | | | |
| Urologist | 5% | * | | | | | | |
| Neurologist | 5% | * | | | | | | |
| Psychologist | 5% | * | | | | | | |
| Future Specialists | 5% | * | | | | | | |
| Sacral Nerve Stimulator | 5% | * | | | | | | |
| ER | 5% | * | | | | | | |
| Venipuncture | 5% | * | | | | | | |
| Vit D Testing | 5% | * | | | | | | |
| Chemistry Profile | 5% | * | | | | | | |
| CMP | 5% | * | | | | | | |
| Chest X-rays | 5% | * | | | | | | |
| X-rays | 5% | * | | | | | | |
| Urine Dip Stick | 5% | * | | | | | | |
| Urine C&S | 5% | * | | | | | | |
| Bone Density | 5% | * | | | | | | |
| MRI Brain Stem | 5% | * | | | | | | |
| Amitriptyline | 5% | * | | | | | | |
| Nitrofurantion Macrocrystal | 5% | * | | | | | | |
| SUMAtriptan Succinate | 5% | * | | | | | | |
| Lamictal | 5% | * | | | | | | |
| Alprazolam | 5% | * | | | | 35.60 | 35.60 | 35.60 |
| Oxybutynin Chloride | 5% | * | | | | | | |
| Ibuprofen | 4% | | | 4.73 | 4.73 | 4.73 | 4.73 | 4.73 |
| Gym | 4% | | | 456.00 | 456.00 | 456.00 | 456.00 | |
| Mattress Pad | 4% | | | 139.90 | 139.90 | 139.90 | 139.90 | 139.90 |
| Waterproof Overlays | 4% | | | 47.90 | 47.90 | 47.90 | 47.90 | 47.90 |

**Appendix A: Items of Compensation for Brandon Kennedy**

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 22 | Compensation Years 23-41 | Compensation Years 42-46 | Compensation Year 47 | Compensation Years 48-Life |
|---|---|---|---|---|---|---|---|---|
| | | | | 2035 | 2036-2054 | 2055-2059 | 2060 | 2061-Life |
| Washable Bedtime Pant | 4% | | | 107.80 | 107.80 | 107.80 | 107.80 | 107.80 |
| Mattress Cover | 4% | | | 37.90 | 37.90 | 37.90 | 37.90 | 37.90 |
| Bladder Control Pads | 4% | | | 251.70 | 251.70 | 251.70 | 251.70 | 251.70 |
| CHUX | 4% | | | 105.90 | 105.90 | 105.90 | 105.90 | 105.90 |
| Speedicath | 4% | * | | | | | | |
| Gloves | 4% | | | 72.28 | 72.28 | 72.28 | 72.28 | 72.28 |
| Hand Sanitizer | 4% | | | 47.64 | 47.64 | 47.64 | 47.64 | 47.64 |
| Baby Oil | 4% | | | 59.28 | 59.28 | 59.28 | 59.28 | 59.28 |
| Homemaker | 4% | | M | 2,574.00 | 2,574.00 | 2,574.00 | 2,574.00 | 2,574.00 |
| Home Maint | 4% | | | 500.00 | 500.00 | 500.00 | 500.00 | |
| Taxi | 4% | | M | | | | | |
| Mileage: Gym and Medical Visits | 4% | | | 249.60 | 249.60 | 249.60 | 14.40 | 14.40 |
| Mileage: Specialist | 4% | | | 0.69 | 0.69 | 0.69 | 0.69 | 0.69 |
| Mileage: Psychologist | 4% | | | 11.52 | 11.52 | 11.52 | 11.52 | 11.52 |
| Home Mods | 4% | | | 2,500.00 | | | | |
| Lost Future Earnings | | | | | | | | |
| Pain and Suffering | | | | | | | | |
| Past Unreimbursable Expenses | | | | | | | | |
| Medicaid Lien | | | | | | | | |
| Medicaid Lien | | | | | | | | |
| Annual Totals | | | | 14,390.32 | 11,890.32 | 7,898.59 | 7,663.39 | 6,707.39 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($18,134.05), lost earnings ($200,000.00), pain and suffering ($210,578.12), and past unreimbursable expenses ($24,922.50): $453,634.67.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the Security Health Plan of Wisconsin, as reimbursement of a Medicaid lien: $306.86.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and the State of Wisconsin Department of Health Services, as reimbursement of a second Medicaid lien: $556.83.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
At respondent's discretion, items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated